IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUAN R. SALAZ,

       Petitioner,

vs.                                               No. CV 04-00127 WJ/KBM

PATRICK SNEDEKER (WARDEN),

       Respondent.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Motion to Reopen Federal Habeas Petition Dismissed Without Prejudice filed by Petitioner Juan R. Salaz ("Petition"). (Doc. 1). The Court will deny the request to reopen and will dismiss the Petition for lack of jurisdiction as an unauthorized second or successive § 2254 petition.

Petitioner Salaz commenced this proceeding on February 5, 2004 by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (Doc. 1). In his original Petition, Salaz raised two grounds for relief: (1) that his Plea Agreement was not knowing and voluntary; and (2) that he received ineffective assistance of counsel in his state criminal proceedings. (Doc. 1 at 4, 7-20). On October 25, 2004, the Magistrate Judge entered Proposed Findings and a Recommended Disposition ("PFRD"). (Doc. 14). The PFRD recommended denial of relief on the merits of Petitioner's claims and dismissal of his Petition with prejudice. (Doc. 14 at 41). Petitioner Salaz filed 11 pages of "Objections to Hon. Judge Molzens Findings." (Doc. 15). The Court overruled the objections and, on March 24, 2005, entered a Memorandum Opinion and a Final Order adopting the Magistrate Judge's findings and recommended disposition and

1

dismissing with prejudice. (Doc. 16, 17). Petitioner Salaz filed an untimely Notice of Appeal on July 25, 2005 that was dismissed by the Tenth Circuit on September 8, 2005. (Doc. 18, 19).

Petitioner filed his new request to reopen his § 2254 petition on January 27, 2020. (Doc. 21). Salaz raises the identical issues (1) that his plea agreement was not knowing and voluntary and (2) ineffective assistance of counsel. (Doc. 21 at 7; Doc. 1 at 5). The first question the Court must determine is whether Salaz's request to reopen is actually a "second or successive" habeas petition over which the Court would lack jurisdiction absent prior authorization from the Tenth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Distinguishing between a true motion to reopen or reconsider and a second or successive habeas petition turns on the "relief sought, not [the] pleading's title." *United States v. Nelson,* 465 F.3d 1145, 1149 (10th Cir.2006). If the petitioner seeks "relief from the conviction or sentence," his claim is considered a successive habeas petition. *Id.* at 1147. The same is true if the motion claims that the district court erred in ruling on the merits of the habeas corpus petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 530–32, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). However, if a pleading attacks "some defect in the integrity of the federal habeas proceedings," it should not be treated as a successive petition. *Id.*

Petitioner Salaz's motion to reopen does not attack the district court's handling of his habeas petition. As he did in his initial § 2254 habeas petition, Salaz outlines the alleged defects in his Plea Agreement and failings of his counsel. (Doc. 1 at 4, 7-20; Doc. 21 at 6, 9-21). The Court must liberally construe Salaz's motion. *see Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir.1998) (pro se pleadings should be liberally construed). However, even liberally construing his motion to reopen, the Court cannot discern any claim that attacks the integrity of the prior federal habeas proceedings, and his motion constitutes a successive habeas corpus petition within the scope of 28 U.S.C. § 2244(b). *United States v. Nelson,* 465 F.3d at 1147.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed. A claim that was not presented in a prior application shall also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

Petitioner's plea agreement and ineffective assistance of counsel claims were unquestionably raised and adjudicated in his prior § 2254 proceeding. (Doc. 1, 14, 16, 17). The § 2254 Petition attached to his Motion to Reopen is the identical § 2254 Petition he originally filed in this proceeding—the attachment even bears the Court's original docket information at the top of the page. *See* Doc. 21 at 3-22. See, also, Doc. 1 at 1-20. Petitioner's claims were clearly raised in his prior § 2254 proceeding and must be dismissed. 28 U.S.C. § 2244(b)(1); *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

Moreover, to the extent Petitioner incorrectly contends that he is seeking to reopen claims that were dismissed without prejudice, making them "new" claims, he does not rely on any new constitutional law that was previously unavailable and made retroactive on collateral review by the United States Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A); *Tyler v. Cain*, 533 U.S. 656 (2001). Nor does Petitioner argue or rely on a factual predicate that could not have been discovered previously through the exercise of due diligence and is sufficient to establish by clear and

convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B). Even if Petitioner's Plea Agreement was not knowing and voluntary or his counsel was ineffective, that information was available to him at the time he was sentenced and at the time he filed his first § 2254 Petition. Petitioner does not present any new factual predicate or rely on new law and his claims must also be dismissed on that basis. 28 U.S.C. § 2244(b)(2)(B); *United States v. Espinosa-Saenz,* 235 F.3d 501, 505 (10th Cir. 2000).

Further, before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Petitioner's Petition or transfer this proceeding to the Tenth Circuit. Applying the *Cline* factors, the Court finds it is not in the interest of justice to transfer the proceeding.

Petitioner has filed his second or successive §2254 Petition without authorization from the Tenth Circuit Court of Appeals. 28 U.S.C. § 2241(b)(3). Petitioner also fails to establish any grounds that would permit him to proceed on a second or successive petition. 28 U.S.C. § 2244(b)(2). The Court declines to transfer the Petition to the Tenth Circuit and will dismiss for lack of jurisdiction. *Coleman v. United States,* 106 F.3d at 341. Under Rule 11 of the Rules

Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that Petitioner Salaz's request to reopen is denied, the Motion to Reopen Federal Habeas Petition Dismissed Without Prejudice filed by Petitioner, Juan R. Salaz (Doc. 21), which the Court construes as a second or successive § 2254 petition, is **DISMISSED** for lack of jurisdiction, and a certificate of appealability is **DENIED**.

_____
CHIEF UNITED STATES DISTRICT JUDGE